## W. O. JOHNSON v. W. R. QUAYLE

172 So. 685.
Opinion Filed February 1, 1937.
Rehearing Denied March 3, 1937.

*Giles F. Lewis* and *Harry P. Johnson,* for Plaintiff in Error;

*Z. D. Giles,* for Defendant in Error.

TERRELL, J.—This action was brought by W. O. Johnson against W. R. Quayle to recover named amounts paid by the former to the latter for the purchase of a one-half interest in certain real estate. The declaration is grounded on the theory that Johnson and Quayle were joint adventurers in the purchase, that Quayle represented to Johnson

that each was bearing one-half the cost and would share equally in the profits, but that it later developed that Quayle had purchased the property in his own name and had sold Johnson a one-half interest at a greatly increased price.

By pleas to the declaration Quayle alleges that he owned the real estate or had an option on it and made a straight sale to Johnson of a one-half interest on terms deemed by him reasonable, which Johnson accepted without question. On this issue the case went to trial and the jury returned a verdict for the defendant. A final judgment was entered and that judgment is here for review on writ of error.

Six errors are assigned and argued. The first error charges that the jury ignored the preponderance of the evidence rule and the other assignments challenge the correctness of the court's charges.

There was no evidence except that of Johnson and Quayle and some exhibits evidencing the transaction. The testimony of the plaintiff and defendant was in hopeless conflict and neither was aided by other testimony except the exhibits which tended to aid the plaintiff but which the defendant attempted to explain. The charge of the trial court when considered in its entirety is not so confusing as to constitute ground for reversible error. The issue was clear and the whole record presents a typical jury question. We are not convinced that error was committed.

The judgment is accordingly affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD, and DAVIS, J. J., concur.